UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION



CASE NO.: 002390-CIV-HUCK
Magistrate Judge Brown

ADA VIOLETA ARAUJO DEJO,
as Plaintiff/Putative Representative of
MANUEL AQUILES ARAUJO
YECGUANCHUI.

                Plaintiff,

vs.

PHILIP MORRIS COMPANIES, INC.,
PHILIP MORRIS INCORPORATED, THE
TOBACCO INSTITUTE, INC. and
THE COUNCIL FOR TOBACCO RESEARCH-
U.S.A., INC., f/k/a TOBACCO INSTITUTE
RESEARCH COMMITTEE,

                Defendants.
_____/

## PLAINTIFF'S REPLY TO DEFENDANTS OPPOSITION TO PLAINTIFF'S MOTION TO REMAND

Plaintiff, ADA VIOLETA ARAUJO DEJO, as Plaintiff, Putative Representative of

MANUEL AQUILES ARAUJO YECGUANCHUI, by and through undersigned counsel hereby files

this Plaintiff's Reply to Defendants Opposition to Plaintiff's Motion to Remand and states:

1.     Defendant's Philip Morris Companies, Inc. and Philip Morris Incorporated, counsel for

Tobacco Research, U.S. A. and Tobacco Institute, Inc., oppose Plaintiff's Motion to Remand

because they claim that the Motion to Remand was not served on them until August 23, 2000.

2.     Defendant's position on this issue is not correct.  Plaintiff's counsel spoke to Philip

Morris counsel, Gaye L. Huxoll who stated she did not know whether the Motion for Remand was

received by her office or not.  Plaintiff's counsel in response agreed to re-fax the Motion to Remand

Case No.: 00-2390-CIV-HUCK
Magistrate Judge Brown

to Defendant's counsel.  As a result thereof, defense counsel is improperly arguing that the Motion to Remand was not timely filed.

3.   The notice of removal was filed on July 6, 2000.  The Motion to Remand was filed on August 1, 2000 which was within thirty (30) days of the filing of the notice of removal and therefore timely under 28 U.S.C. §1447(c).

4.   Defendants next contend that the notice of removal was proper because all defendants consented to the removal of this action.

5.   A careful review of the notice of removal reveals the falsity of this statement.

6.   The notice of removal lays out in paragraphs two and three who was served and when. In paragraph four the summons served on each defendant is attached as an exhibit.

7.   The notice of removal does not state that any defendant other than Philip Morris Incorporated and Philip Morris Companies, Inc. was served with a summons and complaint at the time of the notice of removal.

8.   It is clear in paragraph 9 of the notice of removal that the language "all currently served defendants" pertains to Philip Morris Companies, Inc. and Philip Morris Incorporated and not Defendant Tobacco Institute, Inc. or Defendant Council for Tobacco Research - U.S.A., Inc.

9.   Each Defendant in failing to join in the removal by signing the notice of removal or by explicitly stating for itself its consent on the record, either orally or in writing, within the thirty (30) day period prescribed in 28 U.S.C. §1446(b) is a procedural defect to removal which requires that the case be remanded to state court.

## LAW

A number of courts invoke the rule of unanimity to hold that a notice of removal that alleges the consent of all defendants but that is signed by fewer than all defendants does not constitute the necessary consent of all defendants withing the meaning of 28 U.S.C. § 1446.  See, <u>Getty Oil Corp. v. Insurance Company of North America</u>, 841 F. 2d 1254 (5th Cir. 1988); <u>Roe v. O'Donohue</u>, 38 F. 3d 298 (7th Cir. 1994); <u>Hayduk v. United Parcel Service, Inc.</u>, 930 F. Supp. 584 (S.D. Fla. 1996) <u>Landman v. Borough of Bristol</u>, 896 F. Supp. 406 (E.D. Pa. 1995); <u>Production Stamping Corp. v. Maryland Casualty Company</u>, 829 F. Supp. 1074 (E.D. Wis. 1993); <u>Martin Oil Company v. Philadelphia Life Insurance Company</u>, 827 F. Supp 1236 (N.D. W. Va. 1993); <u>Creekmore v. Food Lion, Inc.</u>, 797 F. Supp. 505 (E.D. Va. 1992); <u>Knickerbocker v. Chrysler Corp.</u> 728 F. Supp. 460 (E.D. Mic. 1990); <u>Fellhauer v. City of Geneva</u>, 673 F. Supp. 1445 (N.D. Il. 1987); <u>Goodman v. Sears, Roebuck & Co.</u>, 588 F. Supp. 121 (E.D. Mic. 1986);

In <u>Nathe v. Pottenberg</u>, 931 F. Supp. 822 (M.D. Fla. 1995) the court held that to have a proper removal, each defendant must join in the removal by signing the notice of removal or  by explicitly stating for itself its consent on the record, either orally or in writing within the thirty day period prescribed in 28 U. S. C. § 1446(b).

In <u>Nathe</u>, the court squarely addressed the issue before this court.  In <u>Nathe</u> the court found the case of <u>Getty Oil Corp. v. Insurance Company of North America</u>, 841 F. 2d 1254 (5th Cir. 1988) to be persuasive.  In that case, the court held that while it may be true that consent to removal is all that is required under § 1446, a defendant must do so itself.  This does not mean that each defendant must sign the original petition for removal, but there must be some timely filed written indication

from each served Defendant or from some person or entity purporting to formally act on its behalf in this respect to have authority to do so, that it has actually consented to such action. Otherwise, there would be nothing on the record to bind the allegedly consenting defendant.

In Production Stamping Corp. v. Maryland Casualty Co., 829 F. Supp at 1077 the court stated requiring an independent statement of consent from each defendant insures that the court has a clear and unequivocal basis for subject matter jurisdiction before taking the serious step of wrestling jurisdiction from another sovereign.

In Nathe, the court distinguished Jasper v. Wal-Mart Stores, Inc., 732 F. Supp. 104 (M.D. Fla. 1990). This is the case cited by Defendants, in our case, in support of their proposition that a notice of removal alleging consent of all Defendants is sufficient. In Jasper, the court in granting the Motion to Remand, stated that all Defendants served at the time of filing the petition, must join in the removal petition; the petition must be signed by all Defendants or the signor must allege consent of all Defendants. Jasper v. Wal-Mart Stores, Inc., 732 F. Supp. at 105. The Defendants in this action interpret Jasper as holding that an allegation of unanimous consent in a notice of removal is, by itself, sufficient to sustain the joiner of all Defendants in the removal. However, the moving party in Jasper did not allege that the remaining Defendants consented to removal. Therefore, Jasper did not decide the issue, and the statement relied on by the Defendant is dicta.

In this case, the Defendants now contend on September 7, 2000 that the consent in the notice of removal was for Defendants Council for Tobacco Research- U.S.A., Inc. and the Tobacco Institute Inc. However, the notice of removal specifically states that the Defendants that were served were the Philip Morris Defendants and not the other Defendants. The other Defendants, did not sign the

notice of removal or explicitly state for itself its consent to removal on the record, either orally or in writing, within the thirty (30) day period prescribed in 28 U.S.C. § 1446(b).

As in <u>Nathe</u>, the court held that the defect in the removal notice is not cured by the Defendants later filing an answer. In our case, Defendants after the thirty (30) day period allege their consent to removal. This defect in the removal is not cured by Defendants after the fact alleged consent to removal.

Failure to comply with rules requiring that all defendants must join in the removal within thirty (30) days of the case becoming removable constitutes a defect in the removal procedure. <u>In Re: Ocean Marine Mutual 3</u> Fed. 3d. 353 (11th Cir. 1993).

Deficiencies in notice of removal can be corrected within the thirty (30) day time period, but once that period has elapsed, the notice of removal may be amended only to set out more specifically the grounds of removal that already have been stated in the original petition. <u>Gladwell v. Silk Greehouse, Inc.</u>, 828 F. Supp. 940 (M.D. Fla. 1993).

In <u>Hayduk v. United Parcel Service, Inc.</u>, 930 F. Supp. 584 (S.D. Fla. 1996) the court held that the removal statutes should be construed narrowly, with any doubt being resolved against removal and in favor of remand.

In this case, Defendants, Tobacco Institute, Inc. and Tobacco Research, U.S.A., Inc. did not join in their notice of removal by signing the notice of removal nor did they either orally or in writing within the thirty (30) day period prescribed in 28 U.S.C. § 1446(b) state for itself its consent on the record to the motion to remand. There is clearly doubt as to whether the original notice of removal included their consent.

Case No.: 00-2390-CIV-HUCK
Magistrate Judge Brown

In this case, the Defendants attempts, well after the thirty (30) day period prescribed under 28 U.S.C. § 1446(b) to state consent of all Defendants is untimely and improper and therefore, the case should be remanded back to state court.

In this case, there is no consent to the notice of removal within thirty (30) days of the notice of removal by counsel for Tobacco Research-U.S.A, Inc. and Tobacco Institute, Inc. Furthermore, there is nothing in the record to indicate that Philip Morris Companies, Inc. or Philip Morris Incorporated had authority from Council for Tobacco Research - U.S.A. Inc. or Tobacco Institute, Inc. to allege their consent to the notice of removal and therefore this case must be remanded to state court.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was faxed  mailed this **15th** **day of September, 2000**, to: **Norman A. Coll, Esquire and Gaye L. Huxoll, Esquire**, *Attorneys for Philip Morris*, Shook Hardy & Bacon, LLP, 2400 Miami Center, 201 South Biscayne Boulevard, Miami, Florida 33131 and **Jose E. Martinez, Esquire, Nicholas F. Van Valen, Esquire**, *Attorneys for The Tobacco Institute*, Martinez & Gutierrez, 601 Brickell Key Drive. Suite 501, Miami, Florida 33131-2651.

**LAW OFFICES OF SIMON & DONDERO, P.A.**
SunTrust International Center
One S.E. Third Avenue, Suite 2110
Miami, Florida 33131
Tel:   (305) 358-6033
Fax:   (305) 358-7822

By_____
Steven R. Simon
Florida Bar No.: 501808